UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN BIRKS, | No. 2:19-cv-0271-MCE-EFB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| ROBERT FOX, et al. | |
| Defendants. | |

Plaintiff, a state prisoner, proceeds without counsel in this action brought pursuant to 42 U.S.C. § 1983. His initial complaint (ECF No. 1) was screened and dismissed with leave to amend for failure to state a cognizable claim (ECF No. 8). Now, plaintiff has filed a "notice of voluntary dismissal/motion to amend" which requests leave to file an amended complaint. ECF No. 13. That motion is unnecessary as the court already granted plaintiff leave to amend. Accordingly, and the court will screen the amended complaint (ECF No. 14).

<u>Screening</u>

I.  <u>Legal Standards</u>

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

/////

1    Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II.   Analysis

As before, plaintiff alleges that, while he was in a dayroom at the California Medical Facility, a ceiling tile fell from the ceiling and struck him in the head. ECF No. 14 at 3-4. He claims that the defendants – Warden Fox, Officer Crisostomo, Officer Moua, and an unnamed private contractor[1] – placed him in harm's way by allowing him to enter the dayroom despite knowing of the ceiling's compromised status. *Id.* at 3-6. As the court explained in its previous

---

[1] One line of the complaint references an individual named "Dennis House," but plaintiff also notes that the private contractor name is subject to change or the addition of multiple parties. ECF No. 14 at 6.

screening order, negligence is insufficient to sustain a claim of deliberate indifference under the Eight Amendment. ECF No. 8 at 3-4. And where, as here, the alleged condition is not objectively inhumane in violation of the Eighth Amendment, the prisoner must show that the condition "exacerbated the inherent dangerousness of already-existing hazards, such that those hazards 'seriously threatened'" the prisoner's safety and security. *Osolinski v. Kane*, 92 F.3d 934, 938 (9th Cir. 1996) (citing *Hoptowit v. Spellman*, 753 F.2d 779, 784 (9th Cir. 1985)).

Plaintiff offers the conclusory allegation that defendants Crisostomo and Moua had "personal knowledge" of the hazardous ceiling. ECF No. 14 at 4-5. He does not explain how they knew that the ceiling was hazardous or, more importantly, how they knew that a tile was likely to fall and injure an inmate. It may be that the officers understood that the ceiling required maintenance, but nothing in the complaint alleges that they also understood that a ceiling tile was likely to fall. Even assuming it was negligent to allow inmates to use the dayroom with a compromised ceiling, that allegation simply does not pass the threshold of deliberate indifference. *See*, *e.g.*, *Wallace v. Haythorne*, No. 06-1697-MCE-GGH P, 2007 U.S. Dist. LEXIS 76330 (E.D. Cal. Oct. 15, 2007) (no Eighth Amendment violation when inmate fell after his foot slipped into a hole in the floor caused by a missing tile, even if defendants knew that holes had caused others to trip).

Plaintiff alleges that Warden Fox violated his rights by "deliberately delaying and procrastinating to put [in] a work order for [an] exacerbated [and] inherent[ly] dangerous ceiling . . . ." ECF No. 14 at 3. These allegations are deficient for the same reasons outlined *supra* in the discussion of the claims against Crisostomo and Moua. That is, even if Warden Fox was negligent in delaying a work order for the ceiling, plaintiff has not alleged that he knew or should have known that falling ceiling tiles posed an imminent danger to inmates.

Finally, plaintiff's claim against the unnamed private contractor/Dennis House also fails. He claims that the contractor did not "prioritize" his work order to fix the ceiling, nor did he post warning signs indicating the danger posed by the ceiling. *Id.* at 6. Even if the private contractor is a suitable defendant in this section 1983 action, these allegations amount to little more than

/////

3

negligence. They simply do not, taken as true, establish that the contractor knew of and deliberately disregarded an excessive risk to inmate safety caused by falling ceiling tiles.

The only question that remains is whether to offer plaintiff further opportunity to amend. The instant complaint is not, in any meaningful way, closer to stating a cognizable claim than its predecessor. Thus, the court concludes that further opportunities are unwarranted. *See McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 809-810 (9th Cir. 1988) ("Repeated failure to cure deficiencies by amendments previously allowed is another valid reason for a district court to deny a party leave to amend.").

III.    Conclusion

Accordingly, it is ORDERED that plaintiff's notice of voluntary dismissal/motion to amend (ECF No. 13) is DENIED as unnecessary, as leave to amend was previously granted.

Further, it is RECOMMENDED that plaintiff's first amended complaint (ECF No. 14) be DISMISSED without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 23, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE